PRYOR & MANDELUP, L.L.P.
Attorneys for Plaintiff
675 Old Country Road
Westbury, NY 11590
Telephone: (516) 997-0999
Mark E. Cohen, Esq.
mec@pryormandelup.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                    Case No.: 24-11677-mew

SHAHBAZ SHER,                                                 Chapter 7

                    Debtor.
-------------------------------------------------------X
CERTIFIED LUMBER CORPORATION,
                                                    Adv. Pro. No. 24-

                    Plaintiff,

   -against-

SHAHBAZ SHER,

                    Defendant.
-------------------------------------------------------X

**COMPLAINT TO DETERMINE
NON-DISCHARGEABILITY OF DEBT AND DENIAL OF DISCHARGE**

By this action, Certified Lumber Corporation ("Plaintiff"), a creditor of Shahbaz Sher ("Defendant" or "Debtor"), by and through its attorneys, Pryor & Mandelup, L.L.P., seeks a determination Debtor's discharge should be denied pursuant 11 U.S.C. §§ 523(a)(2), 727(a)(3) and 727(a)(5), and does hereby state as follows:

**NATURE OF ACTION**

1.     This is an adversary proceeding to determine that the debt owed by Debtor to Plaintiff is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B), for entry of a

-1-

money judgment against the Debtor in the amount of $647,036.58 together with interest thereon, and for a determination that the Debtor's discharge be denied under 11 U.S.C. §§ 727(a)(3) and 727 (a)(5)[1].

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(b)(1), (2)(A), (I) and (J).

3. The name, number, and chapter of case under the Bankruptcy Code to which the adversary proceeding related is as follows: In re Shahbaz Sher, Chapter 7, Case No. 24-11677-mew, pending in this Court.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (J).

5. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1409(a), (c) and (d).

## PARTIES

6. Plaintiff, is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York, with offices located at 148 Classon Avenue, Brooklyn, New York 11205.

7. Upon information and belief, Debtor is an individual residing at 245 Throgs Neck Boulevard, Bronx, New York 10465.

---

[1] In Debtor's Schedule E/F at paragraph 4.1, Debtor lists the creditor as Alexander Markus, Esq., whereas the correct creditor to whom the debt is owed is Certified Lumber Corporation. Alexander Marcus is the attorney for Certified Lumber Corporation who represented Certified Lumber Corporation in the State Court Action described in this Complaint.

-2-

**FACTS**

8. Debtor filed a petition under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended ("Bankruptcy Code") on September 27, 2024 (the "Petition Date"). Thereafter, Gergory M. Messer was appointed interim trustee, and then became permanent trustee.

9. Plaintiff is engaged in the business of selling building materials and lumber.

10. Upon information and belief, the businesses known as Shaker Contractors, Corp., Shaker Contracting Corp. and Shaker Construction, Inc. (collectively, the "Shaker Companies"), were all owned by Debtor, and were in the business of providing construction and/or contracting services.

11. All of the Shaker Companies were organized under, and exited by virtue of, the laws of the State of New York.

12. On or about July 23, 2019, Debtor submitted to Plaintiff a credit application (the "Credit Application) for Plaintiff to sell to the Shaker Companies building materials and supplies. As consideration for the extension of credit by Plaintiff to the Shaker Companies pursuant to the Credit Application, Debtor executed a personal guaranty of all sums due to Plaintiff that the Shaker Companies fail to pay.

13. At the time Debtor completed and executed the Credit Application, Debtor concealed the fact that Shaker Contracting Corp. and Shaker Construction, Inc. were both inactive corporations, having been dissolved by proclamation effective on October 26, 2016, and October 26, 2011, respectively.

14. As a result of the non-payment by the Shaker Companies and Debtor of Plaintiff's unpaid invoices, on June 30, 2022, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Kings (the "State Court"), entitled *Certified Lumber Corporation v. Shahbaz Sher, Shaker Contractors, Corp., Shaker Contracting Corp., and Shaker*

*Construction, Inc.,* which was assigned Index Number 518810/2022 (the "State Court Action"), for entry of a judgment in favor of Plaintiff and against Debtor and the Shaker Companies in the amount of $445,989.83, plus late fees, collection costs in the amount of no less than $1,850.00, plus attorneys' fees in the amount of $147,176.64, plus all disbursements, and all applicable pre- and post-judgment interest thereon.

15. As a result of the failure of Debtor and the Shaker Companies to answer or otherwise appear in the State Court Action, on September 6, 2022, the State Court granted a judgment in favor of Plaintiff against Debtor and the Shaker Companies, jointly and severally, in the total amount of $647,036.58 (the "Judgment"). A true copy of the Judgment is annexed hereto as Exhibit "A".

16. On September 7, 2022, Plaintiff served Debtor with a Restraining Notice with Subpoena Duces Tecum and to Testify (the "Subpoena"), a true copy of which is annexed hereto as Exhibit "B".

17. Pursuant to the Subpoena, Debtor was to produce, by October 25, 2022, those certain documents enumerated in the Subpoena. Moreover, pursuant to the Subpoena, Debtor was to appear for a deposition on November 1, 2022.

18. Annexed hereto as Exhibit "C" is a true copy of the transcript of the statement of Alexander Markus, Esq., Plaintiff's counsel in the State Court Action, in which Mr. Markus, dated November 1, 2022, whereby Mr. Markus states (i) that Debtor has failed to produce any of the documents enumerated in the Subpoena, and (ii) that Debtor has failed to appear for the scheduled deposition.

19. On January 13, 2023, Plaintiff filed an Order to Show Cause with the State Court, for entry of an Order against Debtor pursuant to Civil Practice Law and Rules §§ 5223,

-4-

5224(a)(1) and (2), and 5251, and Judicial Law §§ 753 and 773, holding Debtor in contempt of Court for failure to comply with the Subpoena, and other related relief (the "OSC").

20. The OSC was signed by Judge Ingrid Joseph on January 19, 2023, and Debtor was served with the OSC on February 16, 2023.

21. A hearing was held on the OSC on April 20, 2023, at which Debtor failed to appear. The OSC was granted by Order dated April 26, 2023 (the "Contempt Order"), and provided, *inter alia,* (i) that Debor was granted thirty (30) days from the service of the Contempt Order to produce the documents demanded by Plaintiff in the Subpoena, (ii) to appear at the offices of Plaintiff's counsel on July 20, 2023, at 10:00 a.m. for a deposition, (iii) that in the event Debtor fails to purge this contempt, Debtor may be fined the sum of $250.00, as well as reasonable attorneys' fees incurred by Plaintiff as a result thereof, and in an amount to be determined by the Court, and (iv) that in the event Debtor fails to purge the contempt, the Court may issue a Warrant of Commitment for Debtor's arrest, pursuant to Judicial Law § 753. A true copy of the Contempt Order is annexed hereto as Exhibit "D".

22. Due to Debtor's failure to purge the contempt as required by the Contempt Order, on May 14, 2024, the State Court issued a warrant (the "Warrant") for Debtor's apprehension and that he is to be brought to the courthouse located at 360 Adams Street, Brooklyn, New York, for a hearing on his refusal to purge his contempt and comply with the Contempt Order. A true copy of the Warrant is annexed hereto as Exhibit "E".

23. On July 17, 2024, in accordance with the Warrant, Debtor was brought before the State Court. At that time, following oral argument, the Court entered an Order which purged Debtor's contempt based upon Debtor's representation that he would, *inter alia,* comply with the Subpoena by August 14, 2024, or at a later date agreed upon by Plaintiff and Debtor, but in no

event later than August 28, 2024 (the "Purge Order"). A true copy of the Purge Order is annexed hereto as Exhibit "F".

24. Following the issuance of the Purge Order, Debtor did provide Plaintiff's counsel with a few of the documents required by the Subpoena. However, as of the date of the Filing Date, Debtor had not fully complied with the Subpoena, by failing to turn over all documents responsive to the Subpoena, and failing to schedule with Plaintiff's counsel a deposition.

25. As a result of Debtor's failure to comply with the Purge Order, but before Plaintiff's counsel could file the appropriate application with the State Court, Debtor commenced this Chapter 7 case.

26. Prior to the Petition Date, Debtor had an ownership interest in the business known as RMA Restoration Inc. ("RMA"), a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York. According to the New York State Department of State, Division of Corporations, the registered address of RMA is 245 Throgs Neck Boulevard, Bronx, New York 10465, the same address as Debtor's residence.

27. Upon information and belief, the only asset owned by RMA is the real property known as and located at 251 Throgs Neck Boulevard, Bronx, New York 10465.

28. Upon information and belief, prior to the Filing Date, Debtor sold his interest in RMA to Gul Sher and Gul Nawoz.

29. As a result of Debtor's failure to comply with the Subpoena, turn over those documents demanded, appear for a deposition, Plaintiff has been unable to ascertain whether the sale of Debtor's interest in RMA was actually effectuated, and the terms and conditions under which Debtor's interest in RMA was sold, and whether Debtor has other assets or business interests, which Debtor has failed to disclose in this Chapter 7 Case.

**AS AND FOR A FIRST CAUSE OF ACTION**
**11 U.S.C. § 523(a)(2)(A) - False Pretenses**

30.     Plaintiff restates the allegations contained in Paragraphs "1" through "29".

31.     Debtor made express representations that he owed the Shaker Companies, at a time when two of the three Shaker Companies were inactive having been dissolved by proclamation of the New York Department of State.

32.     Debtor made express misrepresentations, and by his conduct induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.

33.     These express representations were promoted knowingly and willingly by Debtor.

34.     These express representations created a contrived and misleading understanding of Debtor's finances and assets on the part of the Plaintiff.

35.     These express representations wrongfully induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.

36.     Debtor acted consciously and deceptively, made misleading statements, and engaged in misleading conduct to deprive Plaintiff of its property.

37.     Debtor represented that the building materials and lumber provided by Plaintiff would be paid for within thirty (30) days of invoice.

38.     By virtue of the foregoing, Plaintiff is entitled to judgment determining the debt due and owing to him from the Debtor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

**AS AND FOR A SECOND CAUSE OF ACTION**
**11 U.S.C. § 523(a)(2)(B) – Use of a False Statement**

39.     Plaintiff restates the allegations contained in Paragraphs "1" through "38".

40. Debtor made express representations that he owed the Shaker Companies, at a time when two of the three Shaker Companies were inactive having been dissolved by proclamation of the New York Department of State.

41. Debtor made express misrepresentations, and by his conduct induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.

42. These express representations were promoted knowingly and willingly by Debtor.

43. These express representations created a contrived and misleading understanding of Debtor's finances and assets on the part of the Plaintiff.

44. These express representations wrongfully induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.

45. Debtor acted consciously and deceptively, made misleading statements, and engaged in misleading conduct to deprive Plaintiff of its property.

46. Debtor represented that the building materials and lumber provided by Plaintiff would be paid for within thirty (30) days of invoice.

47. By virtue of the foregoing, Plaintiff is entitled to judgment determining the debt due and owing to him from the Debtor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

## AS AND FOR A THIRD CAUSE OF ACTION
## 11 U.S.C. § 727(a)(3) – Failure to Keep or Preserve Books or Records

48. Plaintiff restates the allegations contained in Paragraphs "1" through "47.

49. Under 11 U.S.C. §727(a)(3), the court shall grant the Debtor a discharge unless the Debtor-

> "...has concealed, destroyed, mutilated, falsified, or failed to keep
> or preserve any recorded information, including books, documents,
> records and papers from which the Debtor's financial condition or

business transactions might be ascertained...."

50. Plaintiff duly demanded documentation and information from Debtor as provided in the Subpoena.

51. Debtor failed and refused to provide the information and documentation as required by the Subpoena.

52. Debtor has failed to preserve and keep recorded information including books, documents, records, and papers from which the Debtor's financial condition might be ascertained.

53. By virtue of the foregoing, Plaintiff is entitled to a judgment pursuant to 11 U.S.C. § 727(a)(3) denying Debtor his discharge in bankruptcy.

### AS AND FOR A FOURTH CAUSE OF ACTION
### 11 U.S.C. § 727(a)(5) – Failure to Explain Loss of Assets or Insolvency

54. Plaintiff restates the allegations contained in Paragraphs "1" through "53".

55. Under 11 U.S.C. §727(a)(5), the court shall grant the Debtor a discharge unless the Debtor-

> .... has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities.

56. Upon information and belief, Debtor has received substantial sums of money in connection with the sale of his interest in RMA, as well as from the building materials and lumber sold by Plaintiff to Debtor and the Shaker Companies, which remain unpaid for by Debtor pursuant to the Judgment.

-9-

57. Debtor has failed to satisfactorily explain the disposition of his interest in RMA, and the building materials and lumber sold by Plaintiff to Debtor and the Shaker Companies, which remain unpaid for by Debtor pursuant to the Judgment.

58. By virtue of the foregoing, Plaintiff is entitled to a judgment pursuant to 11 U.S.C. § 727(a)(5) denying Debtor his discharge in bankruptcy.

**WHEREFORE,** Plaintiff demands judgment:

(A)  On Plaintiffs First Cause of Action, entry of a judgment in the amount of $647,036.58, together with interest thereon and a determination that said amount is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

(B)  On Plaintiffs Second Cause of Action, entry of a judgment in the amount of $647,036.58, together with interest thereon and a determination that said amount is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B);

(C)  On Plaintiff's Third Cause of Action, a determination that Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(3);

(D)  On Plaintiff's Fourth Cause of Action a determination that Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(5); and

(E)  For such other and further relief as to this Court is fair and equitable.

Dated: Westbury, New York
December 17, 2024

PRYOR & MANDELUP. L.L.P.
Attorneys for Plaintiff Certified Lumber Corp.

By: */s/ Mark E. Cohen*
    Mark E. Cohen, Esq.
675 Old Country Road
Westbury, New York 11590
(516) 997-0999
mec@pryormandelup.com