# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

CERTIFIED LUMBER CORPORATION,

                Plaintiff,

-against-

SHAHBAZ SHER, SHAKER CONTRACTORS, CORP.,
SHAKER CONTRACTING CORP. and SHAKER
CONSTRUCTION, INC.,

                Defendants,

Index No.: 518810/2022

**RESTRAINING NOTICE WITH SUBPOENA DUCES TECUM AND TO TESTIFY**

Judgment Debtor:
Shahbaz Sher
245 Throgs Neck Blvd.
Bronx, NY 10465

TO:    **SHAHBAZ SHER**

**GREETING:**

      **WHEREAS,** on September 6, 2022, a Judgment was duly entered in the above captioned action, commenced in the Supreme Court of New York, Kings County, between Plaintiff, Certified Lumber Corporation ("Creditor"), and Defendants, Shahbaz Sher, Shaker Contractors, Corp., Shaker Contracting Corp. and Shaker Construction, Inc. ("Debtors"), in the amount of $647,036.58 of which $647,036.58 remains due and unpaid, together with interest thereon from such date (the "Judgment") and the Judgment Creditor have execution therefor; and

      **NOW, THEREFORE,**

      **WE COMMAND YOU,** that all business and excuses being laid aside, to appear and attend a deposition to be held at Tamir Law Group, P.C., 866 United Nations Plaza, Suite 481, New York, NY 10017, or by virtual appearance[1], before a Notary Public or other officer authorized by law to administer an oath on November 1, 2022, at 10:00 a.m., and at any recessed or adjourned date to give testimony relevant to the enforcement of the Judgment entered in favor of the Judgment Creditor.

      **WE FURTHER COMMAND YOU,** to produce for examination by October 25, 2022 at Tamir Law Group, P.C., 866 United Nations Plaza, Suite 481, New York, NY 10017, the following items, things, or documents:

                              **See Schedule attached.**

      **TAKE FURTHER NOTICE** that failure to comply with this Subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this Subpoena was issued for a penalty not to exceed two hundred fifty dollars and all damages sustained by reason

---

[1] Upon receipt of this Subpoena Duces Tecum and Restraining Notice, contact the undersigned to be advised as to the specifics of the deposition.

of your failure to comply.

## RESTRAINING NOTICE

**TAKE NOTICE** that pursuant to CPLR Sec. 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over, or otherwise dispose of any such debt except as therein provided.

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of Court.

### NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

FILED: KINGS COUNTY CLERK 01/13/2023 01:50 PM
NYSCEF DOC. NO. 32

24-04046-mew    Doc 1-2    Filed 12/17/24    Entered 12/17/24 16:22:23    Exhibit B
                                  Subpoena    Pg 4 of 7

INDEX NO. 518810/2022
RECEIVED NYSCEF: 01/13/2023

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social Security;
3. Public Assistance (welfare)
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Worker's compensation benefits;
8. Public or private pensions; and
9. Veteran's benefits.
10. Ninety percent of your wages or salary earned in the last sixty days;
11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;
12. Railroad retirement; and
13. Black lung benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to Court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated:  New York, New York
        September 20, 2022

TAMIR LAW GROUP, P.C.

Alexander Markus
866 United Nations Plaza, Suite 481
New York, NY, 10017
(212) 444-9970
amarkus@tamir.law

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

1. The General Ledger, QuickBooks, Peachtree, or other accounting or financial records or documents reflecting all income and expenses (by detailed individual entry) concerning accounts in which any of the Defendants herein, Shahbaz Sher, Shaker Contractors, Corp., Shaker Contracting Corp. and Shake Construction, Inc. (hereinafter "Judgment Debtors") have or had any interest, or had access to or use of, from July 23, 2019, through the date of your response and/or production.

2. Bank or other financial account statements including, but not limited to, statements, check registers, cancelled checks, deposit receipts, and all other documents concerning financial accounts in which Judgment Debtors had any interest since July 23, 2019.

3. Federal and State income and sales tax returns for Judgment Debtors from and including 2019.

4. Monthly account statements and other records of all credit, charge, or debit cards or other credit lines or debit account statements held by Judgment Debtors since July 23, 2019.

5. The Operating or Shareholders Agreement(s), Articles of Incorporation, Corporate Bylaws, shareholder or unit holder registry, minutes of all board or shareholders meetings, and Certificate of Incorporation and all amendments thereto of the corporate Judgment Debtors.

6. All documents concerning all debts owed by Judgment Debtors.

7. All documents concerning all debts, including accounts receivable, owed to Judgment Debtors.

8. All leases or other documents pursuant to which Judgment Debtors own, occupy, use, lease or license space for other businesses and/or operations.

9. All factoring agreements and liens granted by Judgment Debtors in connection with any transaction.

10. Accounts receivable reports, statements for each of Judgment Debtors' customers showing open invoices and all payments received, all open invoices, and all demands for payment.

11. All documents regarding rent payments made by or to Judgment Debtors from July 23, 2019 to the present.

12. All documents regarding any assignment, sale, conveyance, or other transfer by or to Judgment Debtors of any leasehold, ownership or other interest.

13. Records identifying all assets and liabilities of the Judgment Debtors as of July 23, 2019, and thereafter.

14. Records of the names of all persons who are or ever have ever been beneficial owners of Judgment Debtors, the dates upon which they acquired or assigned their interest, and any capital contributions they made for Judgment Debtors.

15. Records of all distributions made to members or beneficial owners of Judgment Debtors, or other monies paid to them or members of their families, whether in the nature of salary, wages, bonuses, reimbursement for expenses, or for any other reason, from July 23, 2019 to the present.

16. Records identifying all officers, directors, and owners of Judgment Debtors from inception to the present and the dates each individual held each position.

17. All account opening statements and monthly account statements for any bank, credit, or merchant service account in which Judgment Debtors have maintained accounts from July 23, 2019, to the present.

18. All credit, lease, loan applications or security agreements for Judgment Debtors in effect since July 23, 2019, including any mortgage loan.

19. Documents concerning any loans taken by Judgment Debtors from any bank, person or other financing institution from July 23, 2019, including payment schedules therefore.

20. Documents concerning any business, personal, or other loans or extensions of credit by Judgment Debtors, from July 23, 2019, to the present to any person or entity.

21. Financial statements (audited or unaudited) of Judgment Debtors since July 23, 2019.

22. Documents identifying any individuals or companies acting as accountants, lawyers, bookkeepers, financial consultants or advisors for Judgment Debtors from July 23, 2019, to the present.

23. Documents indicating the custodian(s) of Judgment Debtors' business and financial records, including account statements, balance sheets, cash flow statements, tax returns and the location(s) thereof.

24. Records indicating sources of all income and capital of Judgment Debtors.

25. Documents identifying all claims, lawsuits, causes of action, contingent or non-contingent, in which Judgment Debtors are or were parties since July 23, 2019.

26. All documents and communications regarding any conveyance or sale of any real or personal property of Judgment Debtors, including vehicles, equipment, office supplies, furniture, inventory, contracts, customer lists, and accounts receivable to any person or entity. If any such property has been sold or any interest therein conveyed or transferred, produce the entire closing binder and all

other documents concerning the conveyance, including copies of all checks or other funds remitted to Judgment Debtors.

27. All documents relating to all insurance policies held by Judgment Debtors since July 23, 2019, including applications therefore.

28. Documents concerning all equipment, including fixtures, furniture, computers, and telephone systems, which Judgment Debtors own, use, or have had any interest since July 23, 2019.

29. Produce all documents concerning any other assets in which Judgment Debtors have any interest in, or concerning any other source of possible income.

30. All documents concerning any other corporate or trade name, registered or unregistered, by which Judgment Debtors were known or did business since July 23, 2019.