PRYOR & MANDELUP, L.L.P.
Attorneys for Plaintiff
675 Old Country Road
Westbury, NY 11590
Telephone: (516) 997-0999
Mark E. Cohen, Esq.
mec@pryormandelup.com

                                            Motion Date: April 8, 2025
                                            Motion Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                                                       Case No. 24-11677-mew

SHABBAZ SHER,                                         Chapter 7

                        Debtor.
-----------------------------------------------------------------X
CERTIFIED LUMBER CORPORATION,            Adv. Pro. No. 24-04046-mew

                        Plaintiff,

       -against-                                    **PLAINTIFF'S MOTION FOR**
                                                            **ENTRY OF A DEFAULT**
                                                             **JUDGMENT AGAINST**
SHABBAZ SHER,                                      **DEFENDANT**

                        Defendant.
-----------------------------------------------------------------X

**TO:   THE HON. MICHAEL E. WILES,**
        **UNITED STATES BANKRUPTCY JUDGE:**

      Certified Lumber Corporation ("Plaintiff"), the plaintiff in the above-captioned adversary proceeding ("Adversary Proceeding") against Shabbaz Sher ("Debtor" or "Defendant"), the defendant in the Adversary Proceeding, by its attorneys, Pryor & Mandelup, L.L.P., respectfully submits this motion (the "Motion") to the Court for entry of the proposed Order for Default Judgment annexed to the Motion as Exhibit "K", and proposed Judgment by Default annexed to

- 1 -

the Motion as Exhibit "L" against Defendant. In support of the Motion, Plaintiff respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to grant the relief requested in this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of the Adversary Proceeding and of this Motion is proper in this judicial district pursuant to 28 U.S.C. § 1408.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 727(a)(3) and 727(a)(5), and Rule 55 of the Federal Rules of Civil Procedure ("FRCP"), made applicable to this Adversary Proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and S.D.N.Y. LBR 7055-1 and 7055-2.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (J).

## PARTIES

5. Plaintiff, is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York, with offices located at 148 Classon Avenue, Brooklyn, New York 11205.

6. Upon information and belief, Debtor is an individual residing at 245 Throgs Neck Boulevard, Bronx, New York 10465.

## FACTS

7. Debtor filed a petition under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended ("Bankruptcy Code") on September 27, 2024 (the "Petition Date"). Thereafter, Gergory M. Messer was appointed interim trustee, and then became permanent trustee.

8. Plaintiff is engaged in the business of selling building materials and lumber. *See*, Declaration of Abraham Rosenberg (the "Rosenberg Declaration"), ¶ 2.

9. Upon information and belief, the businesses known as Shaker Contractors, Corp., Shaker Contracting Corp. and Shaker Construction, Inc. (collectively, the "Shaker Companies"), were all owned by Debtor, and were in the business of providing construction and/or contracting services. *See*, Rosenberg Declaration, ¶ 3.

10. All of the Shaker Companies were organized under, and existed by virtue of, the laws of the State of New York. *See*, Rosenberg Declaration, ¶ 4.

11. On or about July 23, 2019, Debtor submitted to Plaintiff a credit application (the "Credit Application) for Plaintiff to sell to the Shaker Companies building materials and supplies. As consideration for the extension of credit by Plaintiff to the Shaker Companies pursuant to the Credit Application, Debtor executed a personal guaranty of all sums due to Plaintiff that the Shaker Companies fail to pay. *See*, Rosenberg Declaration, ¶ 5.

12. At the time Debtor completed and executed the Credit Application, Debtor concealed the fact that Shaker Contracting Corp. and Shaker Construction, Inc. were both inactive corporations, having been dissolved by proclamation effective on October 26, 2016, and October 26, 2011, respectively. *See*, Rosenberg Declaration, ¶ 6.

13. As a result of the non-payment by the Shaker Companies and Debtor of Plaintiff's unpaid invoices, on June 30, 2022, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Kings (the "State Court"), entitled *Certified Lumber Corporation v. Shahbaz Sher, Shaker Contractors, Corp., Shaker Contracting Corp., and Shaker Construction, Inc.,* which was assigned Index Number 518810/2022 (the "State Court Action"), for entry of a judgment in favor of Plaintiff and against Debtor and the Shaker Companies in the

amount of $445,989.83, plus late fees, collection costs in the amount of no less than $1,850.00, plus attorneys' fees in the amount of $147,176.64, plus all disbursements, and all applicable pre- and post-judgment interest thereon. *See*, Rosenberg Declaration, ¶ 7.

14. As a result of the failure of Debtor and the Shaker Companies to answer or otherwise appear in the State Court Action, on September 6, 2022, the State Court granted a judgment in favor of Plaintiff against Debtor and the Shaker Companies, jointly and severally, in the total amount of $647,036.58 (the "Judgment"). *See*, Rosenberg Declaration, ¶ 8. A true copy of the Judgment is annexed hereto as Exhibit "A".

15. On September 7, 2022, Plaintiff served Debtor with a Restraining Notice with Subpoena Duces Tecum and to Testify (the "Subpoena"). *See*, Rosenberg Affidavit, ¶ 9. A true copy of the Subpoena is annexed hereto as Exhibit "B".

16. Pursuant to the Subpoena, Debtor was to produce, by October 25, 2022, those certain documents enumerated in the Subpoena. Moreover, pursuant to the Subpoena, Debtor was to appear for a deposition on November 1, 2022. *See*, Rosenberg Declaration, ¶ 10.

17. "Annexed hereto as Exhibit "C" is a true copy of the transcript of the statement of Alexander Markus, Esq., Plaintiff's counsel in the State Court Action, dated November 1, 2022, in which Mr. Markus states (i) that Debtor has failed to produce any of the documents enumerated in the Subpoena, and (ii) that Debtor has failed to appear for the scheduled deposition." *See*, Rosenberg Declaration, ¶ 11.

18. On January 13, 2023, Plaintiff filed an Order to Show Cause with the State Court, for entry of an Order against Debtor pursuant to Civil Practice Law and Rules §§ 5223, 5224(a)(1) and (2), and 5251, and Judicial Law §§ 753 and 773, holding Debtor in contempt of

Court for failure to comply with the Subpoena, and other related relief (the "OSC"). *See*, Rosenberg Declaration, ¶ 12.

19.     The OSC was signed by Judge Ingrid Joseph on January 19, 2023, and Debtor was served with the OSC on February 16, 2023. *See*, Rosenberg Declaration, ¶ 13.

20.     A hearing was held on the OSC on April 20, 2023, at which Debtor failed to appear. The OSC was granted by Order dated April 26, 2023 (the "Contempt Order"), and provided, *inter alia,* (i) that Debor was granted thirty (30) days from the service of the Contempt Order to produce the documents demanded by Plaintiff in the Subpoena, (ii) to appear at the offices of Plaintiff's counsel on July 20, 2023, at 10:00 a.m. for a deposition, (iii) that in the event Debtor fails to purge this contempt, Debtor may be fined the sum of $250.00, as well as reasonable attorneys' fees incurred by Plaintiff as a result thereof, and in an amount to be determined by the Court, and (iv) that in the event Debtor fails to purge the contempt, the Court may issue a Warrant of Commitment for Debtor's arrest, pursuant to Judicial Law § 753. *See*, Rosenberg Declaration, ¶ 14. A true copy of the Contempt Order is annexed hereto as Exhibit "D".

21.     Due to Debtor's failure to purge the contempt as required by the Contempt Order, on May 14, 2024, the State Court issued a warrant (the "Warrant") for Debtor's apprehension and that he is to be brought to the courthouse located at 360 Adams Street, Brooklyn, New York, for a hearing on his refusal to purge his contempt and comply with the Contempt Order. *See*, Rosenberg Declaration, ¶ 15. A true copy of the Warrant is annexed hereto as Exhibit "E".

22.     On July 17, 2024, in accordance with the Warrant, Debtor was brought before the State Court. At that time, following oral argument, the Court entered an Order which purged Debtor's contempt based upon Debtor's representation that he would, *inter alia,* comply with the

- 5 -

Subpoena by August 14, 2024, or at a later date agreed upon by Plaintiff and Debtor, but in no event later than August 28, 2024 (the "Purge Order"). *See*, Rosenberg Declaration, ¶ 16. A true copy of the Purge Order is annexed hereto as Exhibit "F".

23. Following the issuance of the Purge Order, Debtor did provide Plaintiff's counsel with a few of the documents required by the Subpoena. However, as of the date of the Filing Date, Debtor had not fully complied with the Subpoena. In addition, although Debtor did appear for deposition in accordance with the Subpoena, shortly after the commencement of thereof, Debtor walked out and did not complete the examination. *See*, Rosenberg Declaration, ¶ 17.

24. As a result of Debtor's failure to comply with the Purge Order, but before Plaintiff's counsel could file the appropriate application with the State Court, Debtor commenced this Chapter 7 case. *See*, Rosenberg Declaration, ¶ 18.

25. Prior to the Petition Date, Debtor had an ownership interest in the business known as RMA Restoration Inc. ("RMA"), a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York. According to the New York State Department of State, Division of Corporations, the registered address of RMA is 245 Throgs Neck Boulevard, Bronx, New York 10465, the same address as Debtor's residence. *See*, Rosenberg Declaration, ¶ 19.

26. Upon information and belief, the only asset owned by RMA is the real property known as and located at 251 Throgs Neck Boulevard, Bronx, New York 10465. *See*, Rosenberg Declaration, ¶ 20.

27. Upon information and belief, prior to the Filing Date, Debtor sold his interest in RMA to Gul Sher and Gul Nawoz, who, upon information and belief, are members of Debtor's family. *See*, Rosenberg Declaration, ¶ 21.

- 6 -

28.     As a result of Debtor's failure to comply with the Subpoena, turn over those documents demanded, appear for and complete his deposition, Plaintiff has been unable to ascertain whether the sale of Debtor's interest in RMA was actually effectuated, and the terms and conditions under which Debtor's interest in RMA was sold, and whether Debtor has other assets or business interests, which Debtor has failed to disclose in this Chapter 7 Case. *See*, Rosenberg Declaration, ¶ 22.

## THE ADVERSARY PROCEEDING

29.     On December 17, 2024, Plaintiff filed a complaint ("Complaint") [AP ECF #1[1]] commencing this Adversary Proceeding entitled *Certified Lumber Corporation, Plaintiff against Shabbaz Sher, Defendant* requesting the following relief: (i) on Plaintiff's First Cause of Action, entry of a judgment in the amount of $647,036.58, together with interest thereon and a determination that said amount is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); (ii) on Plaintiff's Second Cause of Action, entry of a judgment in the amount of $647,036.58, together with interest thereon and a determination that said amount is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B); (iii) on Plaintiff's Third Cause of Action, a determination that Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(3); (iv) on Plaintiff's Fourth Cause of Action a determination that Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(5); and (v) for such other and further relief as to this Court is fair and equitable. A true copy of the Complaint is annexed hereto as Exhibit "G".

30.     On December 18, 2024, the Clerk of the Court issued the Summons and Notice of Pretrial Conference in an Adversary Proceeding (the "Summons"), a true copy of which is

---

[1] References in the docket in the Adversary Proceeding are denoted "AP ECF" identified by the relevant docket number or date.

- 7 -

annexed hereto as Exhibit "H" [AP ECF #2]. As provided in the Summons, the initial pretrial conference in this Adversary Proceeding was scheduled to be heard on February 11, 2025 (the "Pretrial").

31.     On December 18, 2024, Plaintiff's counsel served the Summons and Complaint upon Defendant, by placing same in postage-paid, properly addressed envelope by First Class Mail to Debtor-Defendant and Debtor's attorney. Annexed hereto as Exhibit "I" is a true copy of the Affidavit of Service attesting to service upon Debtor on December 18, 2024 [AP ECF #3].

32.     On February 11, 2025, at 10:00 a.m., Plaintiff's counsel appeared for the Pretrial. However, neither Defendant, nor anyone on his behalf, answered or appeared. As a result of Defendant's failure to answer or appear in this Adversary Proceeding, and Defendant's failure to appear at the Pretrial, Plaintiff's counsel advised the Court of Plaintiff's intention, in accordance with S.D.N.Y. Local Rule 7055-1 to request that the Clerk of the Court issue a Certificate of Default against Defendant, which Plaintiff's counsel filed on February 11, 2025 [AP ECF #4].

33.     On February 12, 2025, the Clerk of the Court issued the Entry of Default, a true copy of which is annexed hereto as Exhibit "J". The Motion is now respectfully presented.

## BASIS FOR DEFAULT JUDGMENT

34.     As set forth in the Affidavit of Service, Debtor-Defendant was served with the Summons and Complaint via First Class mail at his address, pursuant to Bankruptcy Rule 7004(b)(1)[2]. Debtor has failed to answer or otherwise respond to the Complaint within the time set forth in the Summons and Bankruptcy Rule 7012(a).

---

[2] As provided in the Affidavit of Service, in accordance with Bankruptcy Rule 7004(g), Debtor's attorney of record in the Chapter 7 case was also served with the Summons and Complaint.

35. Debtor has further failed to answer or otherwise respond to the Complaint at any time up to and including the date of this Motion.

36. It is respectfully submitted that Debtor cannot show excusable neglect for his failure to file an answer and/or a meritorious defense to any of the three causes of action set forth in the Complaint.

37. As a result, Plaintiff is entitled to a default judgment against Defendant on all four causes of action as alleged in the Complaint, as follows:

> A. <u>First Cause of Action for Relief Pursuant to 11 U.S.C. § 523(a)(2)(A)</u>:
>
> 1. <u>Par. 31 of the Complaint</u>: Debtor made express representations that he owned the Shaker Companies, at a time when two of the three Shaker Companies were inactive having been dissolved by proclamation of the New York Department of State.
>
> 2. <u>Par. 32 of the Complaint</u>: Debtor made express misrepresentations, and by his conduct induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.
>
> 3. <u>Par. 33 of the Complaint</u>:  These express representations were promoted knowingly and willingly by Debtor.
>
> 4. <u>Par. 34 of the Complaint</u>:  These express representations created a contrived and misleading understanding of Debtor's finances and assets on the part of the Plaintiff.
>
> 5. <u>Par. 35 of the Complaint</u>:  These express representations wrongfully induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.
>
> 6. <u>Par. 36 of the Complaint</u>:  These express representations wrongfully induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.
>
> 7. <u>Par. 37 of the Complaint</u>: Debtor represented that the building materials and lumber provided by Plaintiff would be paid for within thirty (30) days of invoice.

8. <u>Par. 38 of the Complaint</u>: By virtue of the foregoing, Plaintiff is entitled to judgment determining the debt due and owing to him from the Debtor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

B. <u>Second Cause of Action for Relief Pursuant to 11 U.S.C. § 523(a)(2)(B)</u>:

1. <u>Par. 40 of the Complaint</u>: Debtor made express representations that he owned the Shaker Companies, at a time when two of the three Shaker Companies were inactive having been dissolved by proclamation of the New York Department of State.

2. <u>Par. 41 of the Complaint</u>: Debtor made express misrepresentations, and by his conduct induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.

3. <u>Par. 42 of the Complaint</u>: These express representations were promoted knowingly and willingly by Debtor.

4. <u>Par. 43 of the Complaint</u>: These express representations created a contrived and misleading understanding of Debtor's finances and assets on the part of the Plaintiff.

5. <u>Par. 44 of the Complaint</u>: These express representations wrongfully induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.

6. <u>Par. 45 of the Complaint</u>: Debtor acted consciously and deceptively, made misleading statements, and engaged in misleading conduct to deprive Plaintiff of its property.

7. <u>Par. 46 of the Complaint</u>: Debtor represented that the building materials and lumber provided by Plaintiff would be paid for within thirty (30) days of invoice.

8. <u>Par. 47 of the Complaint</u>: By virtue of the foregoing, Plaintiff is entitled to judgment determining the debt due and owing to him from the Debtor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

C. <u>Third Cause of Action for Relief Pursuant to 11 U.S.C. § 727(a)(3)</u>:

1. <u>Par. 49 of the Complaint</u>: Under 11 U.S.C. §727(a)(3), the court shall grant the Debtor a discharge unless the Debtor "...has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers from which the Debtor's financial condition or business transactions might be ascertained...."

  2. <u>Par. 50 of the Complaint</u>:  Plaintiff duly demanded documentation and information from Debtor as provided in the Subpoena.

  3. <u>Par. 51 of the Complaint</u>:  Debtor failed and refused to provide the information and documentation as required by the Subpoena.

  4. <u>Par. 52 of the Complaint</u>:  Debtor has failed to preserve and keep recorded information including books, documents, records, and papers from which the Debtor's financial condition might be ascertained.

  5. <u>Par. 53 of the Complaint</u>:  By virtue of the foregoing, Plaintiff is entitled to a judgment pursuant to 11 U.S.C. § 727(a)(3) denying Debtor his discharge in bankruptcy.

 D. <u>Fourth Cause of Action for Relief Pursuant to 11 U.S.C. § 727(a)(5)</u>:

  1. <u>Par. 55 of the Complaint</u>:  Under 11 U.S.C. §727(a)(5), the court shall grant the Debtor a discharge unless the Debtor- ".... has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities."

  2. <u>Par. 56 of the Complaint</u>:  Upon information and belief, Debtor has received substantial sums of money in connection with the sale of his interest in RMA, as well as from the building materials and lumber sold by Plaintiff to Debtor and the Shaker Companies, which remain unpaid for by Debtor pursuant to the Judgment.

  3. <u>Par. 57 of the Complaint</u>:  Debtor has failed to satisfactorily explain the disposition of his interest in RMA, and the building materials and lumber sold by Plaintiff to Debtor and the Shaker Companies, which remain unpaid for by Debtor pursuant to the Judgment.

  4. <u>Par. 58 of the Complaint</u>:  By virtue of the foregoing, Plaintiff is entitled to a judgment pursuant to 11 U.S.C. § 727(a)(5) denying Debtor his discharge in bankruptcy.

38. The First Cause of Action in Plaintiff's Complaint seeks entry of a judgment pursuant to 11 U.S.C. § 523(a)(2)(A) determining that the debt due and owing from Debtor to Plaintiff, as set forth in the Judgment in the amount of $647,036.58, is non-dischargeable.  As set

forth above, all elements set forth in 11 U.S.C. § 523(a)(2)(A) were specifically pled in the Complaint.

39. The Second Cause of Action in Plaintiff's Complaint seeks entry of a judgment pursuant to 11 U.S.C. § 523(a)(2)(B) determining that the debt due and owing from Debtor to Plaintiff, as set forth in the Judgment in the amount of $647,036.58, is non-dischargeable. As set forth above, all elements set forth in 11 U.S.C. § 523(a)(2)(A) were specifically pled in the Complaint.

40. The Third Cause of Action in Plaintiff's Complaint seeks entry of a judgment pursuant to 11 U.S.C. § 727(a)(3) denying Debtor his discharge in bankruptcy. As set forth above, all elements set forth in 11 U.S.C. § 727(a)(3) were specifically pled in the Complaint.

41. The Fourth Cause of Action in Plaintiff's Complaint seeks entry of a judgment pursuant to 11 U.S.C. § 727(a)(5) denying Debtor his discharge in bankruptcy. As set forth above, all elements set forth in 11 U.S.C. § 727(a)(3) were specifically pled in the Complaint.

42. Defendant failed to timely answer or otherwise move with respect to the Complaint, and no attorney has appeared in the Adversary Proceeding on behalf of Defendant. Based upon the foregoing, Plaintiff submits that entry of a Default Judgment should be entered by this court pursuant to FRCP 55, made applicable to this Adversary Proceeding by Bankruptcy Rule 7055, and S.D.N.Y. LBR 7055-1 and 7055-2. A copy of the proposed Default Judgment is annexed to this Motion as Exhibit "K".

## NO NEED FOR INQUEST

43. It is well established that "[w]hile a party's default is deemed to constitute a

concession of all well pleaded allegations of liability, it is not considered an admission of damages". *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Fuund. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir 1992). "There must be an evidentiary basis for the damages sought by plaintiff and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.*; *citing*, Fed. R. Civ. P. 55(b)(2). However, a hearing is not necessary if the record contains detailed affidavits and documentary evidence that enables the Court to evaluate the proposed sum and determine an award of damages. *See*, *Tamarin v. Adam Caterers, Inc.,* 13 F3d 51, 54 (2d Cir 1993). Rule 55(b)(2) and the relevant case law gives this Court much discretion in determining when it is "necessary and proper" to hold an inquest on damages. *Id.*

44. Here, Plaintiff respectfully submits that there is no need to conduct an Inquest with regard to the relief sought by Plaintiff on all four causes of action alleged in the Complaint, as the Rosenberg Affidavit and the exhibits annexed to the Complaint and the Motion, clearly set forth the evidentiary basis for the relief requested by Plaintiff.

45. For these aforesaid reasons, Plaintiff asserts that it is not necessary for this Court to conduct an Inquest hearing under Federal Rule of Civil Procedure 55(b)(2) to grant Plaintiff the relief requested.

46. Upon information and belief, Debtor is neither an infant nor an incompetent person.

47. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant this Motion for entry of a Default Judgment against Shabbaz Sher, the debtor in the captioned Chapter 7 case and defendant in the Adversary Proceeding, as set forth above, together with such other and further relief as this Court deems just and proper.

Dated: Westbury, New York
     March 10, 2925

                          PRYOR & MANDELUP. L.L.P.
                          Attorneys for Plaintiff

                          By: */s/ Mark E. Cohen*
                              Mark E. Cohen
                              675 Old Country Road
                              Westbury, New York 11590
                              (516) 997-0999
                              mec@pryormandelup.com