UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re

SHABBAZ SHER,

                Debtor.
-----------------------------------------------------------------X
CERTIFIED LUMBER CORPORATION,

                Plaintiff,

-against-

SHABBAZ SHER,

                Defendant.
-----------------------------------------------------------------X

Case No. 24-11677-mew

Chapter 7

Adv. Pro. No. 24-04046-mew

**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANT**

STATE OF NEW YORK  )
                            ) ss:
COUNTY OF NASSAU  )

    I, Abraham Rosenberg, declare pursuant to 28 U.S.C. § 1746, that the following is true to the best of my knowledge, information, and belief:

    1.    I am the president of Certified Lumber Corporation ("Plaintiff"), the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), and as such am fully familiar with the facts and circumstances herein and as alleged in the Complaint, and I am submitting this Affidavit in support of Plaintiff's motion (the "Motion") for entry against Shabbaz Sher ("Debtor" or "Defendant"), the debtor in the above-captioned Chapter 7 case, and the defendant in the Adversary Proceeding, of an Order for Default Judgment, as annexed to the Motion as Exhibit "J", and a Judgment by Default, as annexed to the Motion as Exhibit "K".

    2.    Plaintiff is engaged in the business of selling building materials and lumber.

1

3. Upon information and belief, the businesses known as Shaker Contractors, Corp., Shaker Contracting Corp. and Shaker Construction, Inc. (collectively, the "Shaker Companies"), were all owned by Debtor, and were in the business of providing construction and/or contracting services.

4. All of the Shaker Companies were organized under, and exited by virtue of, the laws of the State of New York.

5. On or about July 23, 2019, Debtor submitted to Plaintiff a credit application (the "Credit Application) for Plaintiff to sell to the Shaker Companies building materials and supplies. As consideration for the extension of credit by Plaintiff to the Shaker Companies pursuant to the Credit Application, Debtor executed a personal guaranty of all sums due to Plaintiff that the Shaker Companies fail to pay.

6. At the time Debtor completed and executed the Credit Application, Debtor concealed the fact that Shaker Contracting Corp. and Shaker Construction, Inc. were both inactive corporations, having been dissolved by proclamation effective on October 26, 2016, and October 26, 2011, respectively.

7. As a result of the non-payment by the Shaker Companies and Debtor of Plaintiff's unpaid invoices, on June 30, 2022, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Kings (the "State Court"), entitled *Certified Lumber Corporation v. Shahbaz Sher, Shaker Contractors, Corp., Shaker Contracting Corp., and Shaker Construction, Inc.*, which was assigned Index Number 518810/2022 (the "State Court Action"), a judgment was entered in favor of Plaintiff and against Debtor and the Shaker Companies in the amount of $445,989.83, plus late fees, collection costs in the amount of no less than $1,850.00,

plus attorneys' fees in the amount of $147,176.64, plus all disbursements, and all applicable pre- and post-judgment interest thereon.

8. As a result of the failure of Debtor and the Shaker Companies to answer or otherwise appear in the State Court Action, on September 6, 2022, the State Court granted a judgment in favor of Plaintiff against Debtor and the Shaker Companies, jointly and severally, in the total amount of $647,036.58 (the "Judgment"). A true copy of the Judgment is annexed hereto as Exhibit "A".

9. On September 7, 2022, Plaintiff served Debtor with a Restraining Notice with Subpoena Duces Tecum and to Testify (the "Subpoena"), a true copy of which is annexed hereto as Exhibit "B".

10. Pursuant to the Subpoena, Debtor was to produce, by October 25, 2022, those certain documents enumerated in the Subpoena. Moreover, pursuant to the Subpoena, Debtor was to appear for a deposition on November 1, 2022.

11. Annexed hereto as Exhibit "C" is a true copy of the transcript of the statement of Alexander Markus, Esq., Plaintiff's counsel in the State Court Action, dated November 1, 2022, in which Mr. Markus states (i) that Debtor has failed to produce any of the documents enumerated in the Subpoena, and (ii) that Debtor has failed to appear for the scheduled deposition."

12. On January 13, 2023, Plaintiff filed an Order to Show Cause with the State Court, for entry of an Order against Debtor pursuant to Civil Practice Law and Rules §§ 5223, 5224(a)(1) and (2), and 5251, and Judicial Law §§ 753 and 773, holding Debtor in contempt of Court for failure to comply with the Subpoena, and other related relief (the "OSC").

13. The OSC was signed by Judge Ingrid Joseph on January 19, 2023, and Debtor was served with the OSC on February 16, 2023.

14. A hearing was held on the OSC on April 20, 2023, at which Debtor failed to appear. The OSC was granted by Order dated April 26, 2023 (the "Contempt Order"), and provided, *inter alia,* (i) that Debor was granted thirty (30) days from the service of the Contempt Order to produce the documents demanded by Plaintiff in the Subpoena, (ii) to appear at the offices of Plaintiff's counsel on July 20, 2023, at 10:00 a.m. for a deposition, (iii) that in the event Debtor fails to purge this contempt, Debtor may be fined the sum of $250.00, as well as reasonable attorneys' fees incurred by Plaintiff as a result thereof, and in an amount to be determined by the Court, and (iv) that in the event Debtor fails to purge the contempt, the Court may issue a Warrant of Commitment for Debtor's arrest, pursuant to Judicial Law § 753. A true copy of the Contempt Order is annexed hereto as Exhibit "D".

15. Due to Debtor's failure to purge the contempt as required by the Contempt Order, on May 14, 2024, the State Court issued a warrant (the "Warrant") for Debtor's apprehension and that he is to be brought to the courthouse located at 360 Adams Street, Brooklyn, New York, for a hearing on his refusal to purge his contempt and comply with the Contempt Order. A true copy of the Warrant is annexed hereto as Exhibit "E".

16. On July 17, 2024, in accordance with the Warrant, Debtor was brought before the State Court. At that time, following oral argument, the Court entered an Order which purged Debtor's contempt based upon Debtor's representation that he would, *inter alia,* comply with the Subpoena by August 14, 2024, or at a later date agreed upon by Plaintiff and Debtor, but in no event later than August 28, 2024 (the "Purge Order"). A true copy of the Purge Order is annexed hereto as Exhibit "F".

17. Following the issuance of the Purge Order, Debtor did provide Plaintiff's counsel with a few of the documents required by the Subpoena. However, as of the date of the Filing Date, Debtor had not fully complied with the Subpoena, by failing to turn over all documents responsive to the Subpoena. In addition, although Debtor did appear for deposition in accordance with the Subpoena, shortly after the commencement of thereof, Debtor walked out and did not complete the examination.

18. As a result of Debtor's failure to comply with the Purge Order, but before Plaintiff's counsel could file the appropriate application with the State Court, Debtor commenced this Chapter 7 case.

19. Prior to the Petition Date, Debtor had an ownership interest in the business known as RMA Restoration Inc. ("RMA"), a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York. According to the New York State Department of State, Division of Corporations, the registered address of RMA is 245 Throgs Neck Boulevard, Bronx, New York 10465, the same address as Debtor's residence.

20. Upon information and belief, the only asset owned by RMA is the real property known as and located at 251 Throgs Neck Boulevard, Bronx, New York 10465.

21. Upon information and belief, prior to the Filing Date, Debtor sold his interest in RMA to Gul Sher and Gul Nawoz, members of Debtor's family.

22. As a result of Debtor's failure to comply with the Subpoena, turn over those documents demanded, appear for and complete his deposition, Plaintiff has been unable to ascertain whether the sale of Debtor's interest in RMA was actually effectuated, and the terms

and conditions under which Debtor's interest in RMA was sold, and whether Debtor has other assets or business interests, which Debtor has failed to disclose in this Chapter 7 Case.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant this Motion for entry of a Default Judgment against Shabbaz Sher, the debtor in the captioned Chapter 7 case and defendant in the Adversary Proceeding, as set forth above, together with such other and further relief as this Court deems just and proper.

_____
Abraham Rosenberg

AFFIRMED
~~Sworn~~ to before me this
10 day of March, 2025

_____
Notary Public

```
JOSEF FRIEDMAN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01FR4510600
QUALIFIED IN KINGS COUNTY
MY COMMISSION EXPIRES OCT. 31, 2025
```

6