# EXHIBIT "G"

PRYOR & MANDELUP, L.L.P.
Attorneys for Plaintiff
675 Old Country Road
Westbury, NY 11590
Telephone: (516) 997-0999
Mark E. Cohen, Esq.
mec@pryormandelup.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                              Case No.: 24-11677-mew

SHAHBAZ SHER,                                        Chapter 7

                          Debtor.
-------------------------------------------------------X
CERTIFIED LUMBER CORPORATION,
                                                                    Adv. Pro. No. 24-

                          Plaintiff,

        -against-

SHAHBAZ SHER,

                          Defendant.
-------------------------------------------------------X

## COMPLAINT TO DETERMINE
## NON-DISCHARGEABILITY OF DEBT AND DENIAL OF DISCHARGE

        By this action, Certified Lumber Corporation ("Plaintiff"), a creditor of Shahbaz Sher

("Defendant" or "Debtor"), by and through its attorneys, Pryor & Mandelup, L.L.P., seeks a

determination Debtor's discharge should be denied pursuant 11 U.S.C. §§ 523(a)(2), 727(a)(3)

and 727(a)(5), and does hereby state as follows:

## NATURE OF ACTION

        1.       This is an adversary proceeding to determine that the debt owed by Debtor to

Plaintiff is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B), for entry of a

money judgment against the Debtor in the amount of $647,036.58 together with interest thereon,
and for a determination that the Debtor's discharge be denied under 11 U.S.C. §§ 727(a)(3) and
727 (a)(5)[1].

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §
1334(b), 28 U.S.C. § 157(b)(1), (2)(A), (I) and (J).

3.      The name, number, and chapter of case under the Bankruptcy Code to which the
adversary proceeding related is as follows: In re Shahbaz Sher, Chapter 7, Case No. 24-11677-
mew, pending in this Court.

4.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §
157(b)(2)(A), (I) and (J).

5.      Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §
1409(a), (c) and (d).

## PARTIES

6.      Plaintiff, is a domestic business corporation duly organized and existing under
and by virtue of the laws of the State of New York, with offices located at 148 Classon Avenue,
Brooklyn, New York 11205.

7.      Upon information and belief, Debtor is an individual residing at 245 Throgs Neck
Boulevard, Bronx, New York 10465.

---

[1] In Debtor's Schedule E/F at paragraph 4.1, Debtor lists the creditor as Alexander Markus, Esq., whereas
the correct creditor to whom the debt is owed is Certified Lumber Corporation. Alexander Marcus is the
attorney for Certified Lumber Corporation who represented Certified Lumber Corporation in the State
Court Action described in this Complaint.

## FACTS

8.      Debtor filed a petition under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended ("Bankruptcy Code") on September 27, 2024 (the "Petition Date"). Thereafter, Gergory M. Messer was appointed interim trustee, and then became permanent trustee.

9.      Plaintiff is engaged in the business of selling building materials and lumber.

10.     Upon information and belief, the businesses known as Shaker Contractors, Corp., Shaker Contracting Corp. and Shaker Construction, Inc. (collectively, the "Shaker Companies"), were all owned by Debtor, and were in the business of providing construction and/or contracting services.

11.     All of the Shaker Companies were organized under, and exited by virtue of, the laws of the State of New York.

12.     On or about July 23, 2019, Debtor submitted to Plaintiff a credit application (the "Credit Application) for Plaintiff to sell to the Shaker Companies building materials and supplies. As consideration for the extension of credit by Plaintiff to the Shaker Companies pursuant to the Credit Application, Debtor executed a personal guaranty of all sums due to Plaintiff that the Shaker Companies fail to pay.

13.     At the time Debtor completed and executed the Credit Application, Debtor concealed the fact that Shaker Contracting Corp. and Shaker Construction, Inc. were both inactive corporations, having been dissolved by proclamation effective on October 26, 2016, and October 26, 2011, respectively.

14.     As a result of the non-payment by the Shaker Companies and Debtor of Plaintiff's unpaid invoices, on June 30, 2022, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Kings (the "State Court"), entitled *Certified Lumber Corporation v. Shahbaz Sher, Shaker Contractors, Corp., Shaker Contracting Corp., and Shaker*

-3-

*Construction, Inc.,* which was assigned Index Number 518810/2022 (the "State Court Action"),
for entry of a judgment in favor of Plaintiff and against Debtor and the Shaker Companies in the
amount of $445,989.83, plus late fees, collection costs in the amount of no less than $1,850.00,
plus attorneys' fees in the amount of $147,176.64, plus all disbursements, and all applicable pre-
and post-judgment interest thereon.

15.      As a result of the failure of Debtor and the Shaker Companies to answer or
otherwise appear in the State Court Action, on September 6, 2022, the State Court granted a
judgment in favor of Plaintiff against Debtor and the Shaker Companies, jointly and severally, in
the total amount of $647,036.58 (the "Judgment"). A true copy of the Judgment is annexed
hereto as Exhibit "A".

16.      On September 7, 2022, Plaintiff served Debtor with a Restraining Notice with
Subpoena Duces Tecum and to Testify (the "Subpoena"), a true copy of which is annexed hereto
as Exhibit "B".

17.      Pursuant to the Subpoena, Debtor was to produce, by October 25, 2022, those
certain documents enumerated in the Subpoena. Moreover, pursuant to the Subpoena, Debtor
was to appear for a deposition on November 1, 2022.

18.      Annexed hereto as Exhibit "C" is a true copy of the transcript of the statement of
Alexander Markus, Esq., Plaintiff's counsel in the State Court Action, in which Mr. Markus,
dated November 1, 2022, whereby Mr. Markus states (i) that Debtor has failed to produce any of
the documents enumerated in the Subpoena, and (ii) that Debtor has failed to appear for the
scheduled deposition.

19.      On January 13, 2023, Plaintiff filed an Order to Show Cause with the State Court,
for entry of an Order against Debtor pursuant to Civil Practice Law and Rules §§ 5223,

5224(a)(1) and (2), and 5251, and Judicial Law §§ 753 and 773, holding Debtor in contempt of Court for failure to comply with the Subpoena, and other related relief (the "OSC").

20.    The OSC was signed by Judge Ingrid Joseph on January 19, 2023, and Debtor was served with the OSC on February 16, 2023.

21.    A hearing was held on the OSC on April 20, 2023, at which Debtor failed to appear. The OSC was granted by Order dated April 26, 2023 (the "Contempt Order"), and provided, *inter alia*, (i) that Debor was granted thirty (30) days from the service of the Contempt Order to produce the documents demanded by Plaintiff in the Subpoena, (ii) to appear at the offices of Plaintiff's counsel on July 20, 2023, at 10:00 a.m. for a deposition, (iii) that in the event Debtor fails to purge this contempt, Debtor may be fined the sum of $250.00, as well as reasonable attorneys' fees incurred by Plaintiff as a result thereof, and in an amount to be determined by the Court, and (iv) that in the event Debtor fails to purge the contempt, the Court may issue a Warrant of Commitment for Debtor's arrest, pursuant to Judicial Law § 753. A true copy of the Contempt Order is annexed hereto as Exhibit "D".

22.    Due to Debtor's failure to purge the contempt as required by the Contempt Order, on May 14, 2024, the State Court issued a warrant (the "Warrant") for Debtor's apprehension and that he is to be brought to the courthouse located at 360 Adams Street, Brooklyn, New York, for a hearing on his refusal to purge his contempt and comply with the Contempt Order. A true copy of the Warrant is annexed hereto as Exhibit "E".

23.    On July 17, 2024, in accordance with the Warrant, Debtor was brought before the State Court. At that time, following oral argument, the Court entered an Order which purged Debtor's contempt based upon Debtor's representation that he would, *inter alia,* comply with the Subpoena by August 14, 2024, or at a later date agreed upon by Plaintiff and Debtor, but in no

event later than August 28, 2024 (the "Purge Order"). A true copy of the Purge Order is annexed hereto as Exhibit "F".

24.     Following the issuance of the Purge Order, Debtor did provide Plaintiff's counsel with a few of the documents required by the Subpoena. However, as of the date of the Filing Date, Debtor had not fully complied with the Subpoena, by failing to turn over all documents responsive to the Subpoena, and failing to schedule with Plaintiff's counsel a deposition.

25.     As a result of Debtor's failure to comply with the Purge Order, but before Plaintiff's counsel could file the appropriate application with the State Court, Debtor commenced this Chapter 7 case.

26.     Prior to the Petition Date, Debtor had an ownership interest in the business known as RMA Restoration Inc. ("RMA"), a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York. According to the New York State Department of State, Division of Corporations, the registered address of RMA is 245 Throgs Neck Boulevard, Bronx, New York 10465, the same address as Debtor's residence.

27.     Upon information and belief, the only asset owned by RMA is the real property known as and located at 251 Throgs Neck Boulevard, Bronx, New York 10465.

28.     Upon information and belief, prior to the Filing Date, Debtor sold his interest in RMA to Gul Sher and Gul Nawoz.

29.     As a result of Debtor's failure to comply with the Subpoena, turn over those documents demanded, appear for a deposition, Plaintiff has been unable to ascertain whether the sale of Debtor's interest in RMA was actually effectuated, and the terms and conditions under which Debtor's interest in RMA was sold, and whether Debtor has other assets or business interests, which Debtor has failed to disclose in this Chapter 7 Case.

-6-

### AS AND FOR A FIRST CAUSE OF ACTION
### 11 U.S.C. § 523(a)(2)(A) - False Pretenses

30.     Plaintiff restates the allegations contained in Paragraphs "1" through "29".

31.     Debtor made express representations that he owed the Shaker Companies, at a time when two of the three Shaker Companies were inactive having been dissolved by proclamation of the New York Department of State.

32.     Debtor made express misrepresentations, and by his conduct induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.

33.     These express representations were promoted knowingly and willingly by Debtor.

34.     These express representations created a contrived and misleading understanding of Debtor's finances and assets on the part of the Plaintiff.

35.     These express representations wrongfully induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.

36.     Debtor acted consciously and deceptively, made misleading statements, and engaged in misleading conduct to deprive Plaintiff of its property.

37.     Debtor represented that the building materials and lumber provided by Plaintiff would be paid for within thirty (30) days of invoice.

38.     By virtue of the foregoing, Plaintiff is entitled to judgment determining the debt due and owing to him from the Debtor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

### AS AND FOR A SECOND CAUSE OF ACTION
### 11 U.S.C. § 523(a)(2)(B) – Use of a False Statement

39.     Plaintiff restates the allegations contained in Paragraphs "1" through "38".

40.    Debtor made express representations that he owed the Shaker Companies, at a time when two of the three Shaker Companies were inactive having been dissolved by proclamation of the New York Department of State.

41.    Debtor made express misrepresentations, and by his conduct induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.

42.    These express representations were promoted knowingly and willingly by Debtor.

43.    These express representations created a contrived and misleading understanding of Debtor's finances and assets on the part of the Plaintiff.

44.    These express representations wrongfully induced Plaintiff to sell building materials and lumber to Debtor and the Shaker Companies on credit.

45.    Debtor acted consciously and deceptively, made misleading statements, and engaged in misleading conduct to deprive Plaintiff of its property.

46.    Debtor represented that the building materials and lumber provided by Plaintiff would be paid for within thirty (30) days of invoice.

47.    By virtue of the foregoing, Plaintiff is entitled to judgment determining the debt due and owing to him from the Debtor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

### AS AND FOR A THIRD CAUSE OF ACTION
### 11 U.S.C. § 727(a)(3) – Failure to Keep or Preserve Books or Records

48.    Plaintiff restates the allegations contained in Paragraphs "1" through "47.

49.    Under 11 U.S.C. §727(a)(3), the court shall grant the Debtor a discharge unless the Debtor-

> "...has concealed, destroyed, mutilated, falsified, or failed to keep
> or preserve any recorded information, including books, documents,
> records and papers from which the Debtor's financial condition or

business transactions might be ascertained...."

50.    Plaintiff duly demanded documentation and information from Debtor as provided in the Subpoena.

51.    Debtor failed and refused to provide the information and documentation as required by the Subpoena.

52.    Debtor has failed to preserve and keep recorded information including books, documents, records, and papers from which the Debtor's financial condition might be ascertained.

53.    By virtue of the foregoing, Plaintiff is entitled to a judgment pursuant to 11 U.S.C. § 727(a)(3) denying Debtor his discharge in bankruptcy.

### AS AND FOR A FOURTH CAUSE OF ACTION
### 11 U.S.C. § 727(a)(5) – Failure to Explain Loss of Assets or Insolvency

54.    Plaintiff restates the allegations contained in Paragraphs "1" through "53".

55.    Under 11 U.S.C. §727(a)(5), the court shall grant the Debtor a discharge unless the Debtor-

> .... has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities.

56.    Upon information and belief, Debtor has received substantial sums of money in connection with the sale of his interest in RMA, as well as from the building materials and lumber sold by Plaintiff to Debtor and the Shaker Companies, which remain unpaid for by Debtor pursuant to the Judgment.

57.     Debtor has failed to satisfactorily explain the disposition of his interest in RMA,

and the building materials and lumber sold by Plaintiff to Debtor and the Shaker Companies,

which remain unpaid for by Debtor pursuant to the Judgment.

58.     By virtue of the foregoing, Plaintiff is entitled to a judgment pursuant to 11

U.S.C. § 727(a)(5) denying Debtor his discharge in bankruptcy.

**WHEREFORE,** Plaintiff demands judgment:

(A)     On Plaintiffs First Cause of Action, entry of a judgment in the amount of
$647,036.58, together with interest thereon and a determination that said
amount is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

(B)     On Plaintiffs Second Cause of Action, entry of a judgment in the amount
of $647,036.58, together with interest thereon and a determination that
said amount is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B);

(C)     On Plaintiff's Third Cause of Action, a determination that Debtor's
discharge be denied pursuant to 11 U.S.C. § 727(a)(3);

(D)     On Plaintiff's Fourth Cause of Action a determination that Debtor's
discharge be denied pursuant to 11 U.S.C. § 727(a)(5); and

(E)     For such other and further relief as to this Court is fair and equitable.

Dated: Westbury, New York
December 17, 2024                           PRYOR & MANDELUP. L.L.P.
                                           Attorneys for Plaintiff Certified Lumber Corp.

                                           By: */s/ Mark E. Cohen*
                                               Mark E. Cohen, Esq.
                                           675 Old Country Road
                                           Westbury, New York 11590
                                           (516) 997-0999
                                           mec@pryormandelup.com

# EXHIBIT "A"

FILED: KINGS COUNTY CLERK 09/06/2022 12:30 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 18    RECEIVED NYSCEF: 09/06/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

CERTIFIED LUMBER CORPORATION,    Index No.: 518810/2022

                                        Plaintiff,

    - against-    **JUDGMENT**
                  **(PROPOSED)**

SHAHBAZ SHER, SHAKER CONTRACTORS,
CORP., SHAKER CONTRACTING CORP. and
SHAKER CONSTRUCTION, INC.,

                                        Defendants.

-------------------------------------------------------------------X

This action, having been commenced by Plaintiff, CERTIFIED LUMBER CORPORATION, with the filing of the Summons and Verified Complaint, a copy of which was served upon Defendant, SHAHBAZ SHER, pursuant to section 308(2) of the Civil Practice Law and Rules ("CPLR"), on July 6, 2022, via suitable age and discretion personal service; and copies of which were served, pursuant to section 306 of the Business Corporation Law, via personal service upon the registered agent in the Corporation Division of the Department of State, upon SHAKER CONTRACTORS, CORP., on July 27, 2022, upon SHAKER CONTRACTING CORP., on July 27, 2022, and upon SHAKER CONSTRUCTION, INC., on July 26, 2022; and Defendants, SHAHBAZ SHER, SHAKER CONTRACTORS, CORP., SHAKER CONTRACTING CORP., and SHAKER CONSTRUCTION, INC., having failed to appear or serve a response or demand to the Summons and Verified Complaint; and it is

FURTHER appearing that Defendants, SHAHBAZ SHER, SHAKER CONTRACTORS, CORP., SHAKER CONTRACTING CORP., and SHAKER CONSTRUCTION, INC.'s time to appear or serve a response or demand to the Summons and Verified Complaint has not been extended by Court Order, stipulation, or otherwise; and it is

FILED: KINGS COUNTY CLERK 09/06/2022 10:30 AM    Pg 14 of 37    INDEX NO. 518810/2022
NYSCEF DOC. NO. 18                                                                RECEIVED NYSCEF: 09/06/2022

FURTHER appearing that additional notice has been served upon SHAHBAZ SHER, pursuant to Section §3215(g)(3)(i) of the CPLR, on August 9, 2022, by first class mail, in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt; and it is

FURTHER appearing that additional notice has been served upon SHAKER CONTRACTORS, CORP., SHAKER CONTRACTING CORP., and SHAKER CONSTRUCTION, INC., pursuant to Section §3215(g)(4)(i) of the CPLR, on August 9, 2022, by first class mail; and it is

NOW, upon the application of Plaintiff, CERTIFIED LUMBER CORPORATION, by its attorneys, Tamir Law Group, P.C., by Alexander Markus, Esq., it is

ADJUDGED AND DECREED that the Plaintiff, CERTIFIED LUMBER CORPORATION, having an address of 148 Classon Avenue, Brooklyn, New York 11205, does have judgment and recovers, jointly and severally, of the Defendants, SHAHBAZ SHER, 245 Throgs Neck Blvd., Bronx, New York 10465, Shaker Contractors, Corp., 245 Throgs Neck Blvd., Bronx, New York 10465, Shaker Contracting Corp., 2458 Hoffman Street, Bronx, New York 10458, and Shaker Construction, Inc., 245 Throgs Neck Blvd., Bronx, New York 10465, the sum certain amount of $445,989.83, together with interest at 9% per annum from May 4, 2021, in the amount of $53,260.11, attorneys' fees of 33% of the outstanding balance, totaling $147,176.64, and costs and disbursements totaling $610.00, for a total judgment of $647,036.58, and that Plaintiff have execution therefor.

JUDGMENT signed this _____6 th_____ day of __Sep.__, 2022

**KINGS COUNTY CLERK
FILED
2022 SEP 06 AM 10:20**

Nancy T. Sunshine
Clerk

FILED: KINGS COUNTY CLERK 09/06/2022 Process 30 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 18    RECEIVED NYSCEF: 09/06/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

CERTIFIED LUMBER CORPORATION,                    Index No.: 518810/2022

                                Plaintiff,

            - against-                           **BILL OF COSTS**

SHAHBAZ SHER, SHAKER CONTRACTORS,
CORP., SHAKER CONTRACTING CORP, and
SHAKER CONSTRUCTION, INC.,

                        Defendants.

-------------------------------------------------------------------X

COSTS
        Before Note of Issue ....................................            $200.00

DISBURSEMENTS
        Fee for index Number....................................    $ 210.00
        Serving copy of Summons and Complaint....            $ 160.00
        Prospective Marshal's Fee.......................            $  40.00

        **FILED**

COSTS...............................................                         $200.00
DISBURSEMENTS............ 2022 SEP 06 AM 10:16                               $410.00
TOTAL.......................                                                 $610.00
                        **KINGS COUNTY CLERK**

                        **FEE    $610.00**

STATE OF NEW YORK ) ss.:                    **ATTORNEY'S AFFIRMATION**

COUNTY OF NEW YORK )

The undersigned, an attorney admitted to practice in the Courts of this State, affirms that

he is a member of Tamir Law Group, P.C., attorneys for the Plaintiff in the above-entitled action;

that the foregoing costs and disbursements have been or will necessarily be made or incurred in

this action and are reasonable in amount. The undersigned affirms that the foregoing statements

are true, under penalties of perjury.

        Dated:  New York, New York
                September 2, 2022                    By: /S/Alexander Markus
                                                        Alexander Markus

# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

Index No.: 518810/2022

CERTIFIED LUMBER CORPORATION,

Plaintiff,

-against-

**RESTRAINING NOTICE WITH
SUBPOENA DUCES TECUM
AND TO TESTIFY**

Judgment Debtor:
Shahbaz Sher
245 Throgs Neck Blvd.
Bronx, NY 10465

SHAHBAZ SHER, SHAKER CONTRACTORS, CORP.,
SHAKER CONTRACTING CORP. and SHAKER
CONSTRUCTION, INC.,

Defendants,

---

TO:        **SHAHBAZ SHER**

**GREETING:**

**WHEREAS,** on September 6, 2022, a Judgment was duly entered in the above captioned action, commenced in the Supreme Court of New York, Kings County, between Plaintiff, Certified Lumber Corporation ("Creditor"), and Defendants, Shahbaz Sher, Shaker Contractors, Corp., Shaker Contracting Corp. and Shaker Construction, Inc. ("Debtors"), in the amount of $647,036.58 of which $647,036.58 remains due and unpaid, together with interest thereon from such date (the "Judgment") and the Judgment Creditor have execution therefor; and

**NOW, THEREFORE,**

**WE COMMAND YOU,** that all business and excuses being laid aside, to appear and attend a deposition to be held at Tamir Law Group, P.C., 866 United Nations Plaza, Suite 481, New York, NY 10017, or by virtual appearance[1], before a Notary Public or other officer authorized by law to administer an oath on November 1, 2022, at 10:00 a.m., and at any recessed or adjourned date to give testimony relevant to the enforcement of the Judgment entered in favor of the Judgment Creditor.

**WE FURTHER COMMAND YOU,** to produce for examination by October 25, 2022 at Tamir Law Group, P.C., 866 United Nations Plaza, Suite 481, New York, NY 10017, the following items, things, or documents:

**See Schedule attached.**

**TAKE FURTHER NOTICE** that failure to comply with this Subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this Subpoena was issued for a penalty not to exceed two hundred fifty dollars and all damages sustained by reason

---

[1] Upon receipt of this Subpoena Duces Tecum and Restraining Notice, contact the undersigned to be advised as to the specifics of the deposition.

FILED: KINGS COUNTY CLERK 01/13/2023 03:50 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 32                                                    RECEIVED NYSCEF: 01/13/2023

of your failure to comply.

## RESTRAINING NOTICE

**TAKE NOTICE** that pursuant to CPLR Sec. 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over, or otherwise dispose of any such debt except as therein provided.

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of Court.

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

FILED: KINGS COUNTY CLERK 01/13/2023 01:50 PM    INDEX NO. 508810/2022
NYSCEF DOC. NO. 32    RECEIVED NYSCEF: 01/13/2023

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

1. The General Ledger, QuickBooks, Peachtree, or other accounting or financial records or documents reflecting all income and expenses (by detailed individual entry) concerning accounts in which any of the Defendants herein, Shahbaz Sher, Shaker Contractors, Corp., Shaker Contracting Corp. and Shake Construction, Inc. (hereinafter "Judgment Debtors") have or had any interest, or had access to or use of, from July 23, 2019, through the date of your response and/or production.

2. Bank or other financial account statements including, but not limited to, statements, check registers, cancelled checks, deposit receipts, and all other documents concerning financial accounts in which Judgment Debtors had any interest since July 23, 2019.

3. Federal and State income and sales tax returns for Judgment Debtors from and including 2019.

4. Monthly account statements and other records of all credit, charge, or debit cards or other credit lines or debit account statements held by Judgment Debtors since July 23, 2019.

5. The Operating or Shareholders Agreement(s), Articles of Incorporation, Corporate Bylaws, shareholder or unit holder registry, minutes of all board or shareholders meetings, and Certificate of Incorporation and all amendments thereto of the corporate Judgment Debtors.

6. All documents concerning all debts owed by Judgment Debtors.

7. All documents concerning all debts, including accounts receivable, owed to Judgment Debtors.

8. All leases or other documents pursuant to which Judgment Debtors own, occupy, use, lease or license space for other businesses and/or operations.

9. All factoring agreements and liens granted by Judgment Debtors in connection with any transaction.

10. Accounts receivable reports, statements for each of Judgment Debtors' customers showing open invoices and all payments received, all open invoices, and all demands for payment.

11. All documents regarding rent payments made by or to Judgment Debtors from July 23, 2019 to the present.

12. All documents regarding any assignment, sale, conveyance, or other transfer by or to Judgment Debtors of any leasehold, ownership or other interest.

13. Records identifying all assets and liabilities of the Judgment Debtors as of July 23, 2019, and thereafter.

FILED: KINGS COUNTY CLERK 01/13/2023 04:50 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 32                                        RECEIVED NYSCEF: 01/13/2023

14. Records of the names of all persons who are or ever have ever been beneficial owners of Judgment Debtors, the dates upon which they acquired or assigned their interest, and any capital contributions they made for Judgment Debtors.

15. Records of all distributions made to members or beneficial owners of Judgment Debtors, or other monies paid to them or members of their families, whether in the nature of salary, wages, bonuses, reimbursement for expenses, or for any other reason, from July 23, 2019to the present.

16. Records identifying all officers, directors, and owners of Judgment Debtors from inception to the present and the dates each individual held each position.

17. All account opening statements and monthly account statements for any bank, credit, or merchant service account in which Judgment Debtors have maintained accounts from July 23, 2019, to the present.

18. All credit, lease, loan applications or security agreements for Judgment Debtors in effect since July 23, 2019, including any mortgage loan.

19. Documents concerning any loans taken by Judgment Debtors from any bank, person or other financing institution from July 23, 2019, including payment schedules therefore.

20. Documents concerning any business, personal, or other loans or extensions of credit by Judgment Debtors, from July 23, 2019, to the present to any person or entity.

21. Financial statements (audited or unaudited) of Judgment Debtors since July 23, 2019.

22. Documents identifying any individuals or companies acting as accountants, lawyers, bookkeepers, financial consultants or advisors for Judgment Debtors from July 23, 2019, to the present.

23. Documents indicating the custodian(s) of Judgment Debtors' business and financial records, including account statements, balance sheets, cash flow statements, tax returns and the location(s) thereof.

24. Records indicating sources of all income and capital of Judgment Debtors.

25. Documents identifying all claims, lawsuits, causes of action, contingent or non-contingent, in which Judgment Debtors are or were parties since July 23, 2019.

26. All documents and communications regarding any conveyance or sale of any real or personal property of Judgment Debtors, including vehicles, equipment, office supplies, furniture, inventory, contracts, customer lists, and accounts receivable to any person or entity. If any such property has been sold or any interest therein conveyed or transferred, produce the entire closing binder and all

FILED: KINGS COUNTY CLERK 01/13/2023 01:50 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 32    RECEIVED NYSCEF: 01/13/2023

other documents concerning the conveyance, including copies of all checks or other funds remitted to Judgment Debtors.

27. All documents relating to all insurance policies held by Judgment Debtors since July 23, 2019, including applications therefore.

28. Documents concerning all equipment, including fixtures, furniture, computers, and telephone systems, which Judgment Debtors own, use, or have had any interest since July 23, 2019.

29. Produce all documents concerning any other assets in which Judgment Debtors have any interest in, or concerning any other source of possible income.

30. All documents concerning any other corporate or trade name, registered or unregistered, by which Judgment Debtors were known or did business since July 23, 2019.

# EXHIBIT "C"

FILED: KINGS COUNTY CLERK 11/21/2022 01:36 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 24    RECEIVED NYSCEF: 11/21/2022

**Page 1**

```
 1
 2    SUPREME COURT OF THE STATE OF NEW YORK
      COUNTY OF KINGS
 3    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
      CERTIFIED LUMBER CORPORATION,
 4
                                PLAINTIFF,
 5
              -against-              Index No:
 6                                   518810/2022
 7    SHAHBAZ SHER, SHAKER CONTRACTORS, CORP.,
      SHAKER CONTRACTING CORP. and SHAKER
 8    CONSTRUCTION, INC.,
 9                                DEFENDANTS.
      - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
10
11
12                          DATE: November 1, 2022
13                          TIME: 10:49 A.M.
14
15            STATEMENT in the above-entitled
16    matter, at the above date and time, held
17    via videoconference, before Sophia Toribio,
18    a Shorthand Reporter and Notary Public in
19    and of the State of New York.
20
21
22
23
24
25
```

FILED: KINGS COUNTY CLERK 11/21/2022 01:36 PM        INDEX NO. 518810/2022
NYSCEF DOC. NO. 24                                   RECEIVED NYSCEF: 11/21/2022

**Page 2**

```
 1

 2    A P P E A R A N C E S:

 3

 4    TAMIR LAW GROUP, P.C.
         Attorneys for the Plaintiff
 5      CERTIFIED LUMBER CORPORATION
         866 United Nations Plaza, Suite 481
 6      New York, New York 10017
         BY: ALEXANDER MARKUS, ESQ.
 7      (Via videoconference)

 8

 9    SHAHBAZ SHER
         Defendant Pro Se
10      245 Throgs Neck Boulevard
         Bronx, New York 10465
11      (NOT PRESENT)

12

13

14                    *              *              *

15

16

17

18

19

20

21

22

23

24

25
```

Page 3

1

2          MR. MARKUS:  Good morning.

3    This is Alexander Markus of Tamir Law

4    Group.  This office represents the

5    Plaintiff/Creditor in this lawsuit,

6    the company of Certified Lumber

7    Corporation.

8          We're here this morning

9    pursuant to a Restraining Notice With

10   Subpoena Duces Tecum And To Testify

11   dated September 20, 2022, that was

12   served upon Shahbaz Sher on

13   September 27, 2022.  That document

14   called for the production of various

15   documents to be made to our office on

16   or before October 25, 2022, however,

17   we have not received any document

18   production from Mr. Sher nor have we

19   heard from him or anyone else on his

20   behalf about the Subpoena that was

21   served upon him.

22          The Subpoena also called for

23   his appearance in our office this

24   morning at 10:00 on November 1st of

25   2022.  It is now 10:49 in the

FILED: KINGS COUNTY CLERK 11/21/2022 01:56 PM    INDEX NO. 518810/2022

NYSCEF DOC. NO. 24    Filed 11/21/2022 Page 26 of 37    RECEIVED NYSCEF: 11/21/2022

Page 4

1

2    morning.  Mr. Sher has failed to

3    appear and no one from this office

4    has heard for him or anyone else on

5    his behalf as to why he could not be

6    here this morning and/or to seek an

7    extension or adjournment of this

8    morning's deposition.

9        This office will move forward

10    seeking judicial intervention in an

11    attempt to compel Mr. Sher's

12    appearance for a deposition, to

13    compel the document production that

14    was requested and ignored and/or for

15    an order finding him in contempt.

16        Of course, we also, on behalf

17    of our client, reserve any and all

18    rights they may have.

19        (Whereupon, at 10:50 A.M., the

20    above matter concluded.)

21

22        *            *            *

23

24

25

FILED: KINGS COUNTY CLERK 11/21/2022 01:36 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 24    RECEIVED NYSCEF: 11/21/2022

Page 5

1

2          I, SOPHIA TORIBIO, a Notary

3    Public for and within the State of

4    New York, do hereby certify that the

5    above is a correct transcription of

6    my stenographic notes.

7

8

          SOPHIA TORIBIO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**[1 - r]**                                                                 Page 1

### 1

**1**  1:12
**10017**  2:6
**10465**  2:10
**10:00**  3:24
**10:49**  1:13 3:25
**10:50**  4:19
**1st**  3:24

### 2

**20**  3:11
**2022**  1:12 3:11
3:13,16,25
**245**  2:10
**24530**  5:8
**25**  3:16
**27**  3:13

### 4

**481**  2:5

### 5

**518810/2022**  1:6

### 8

**866**  2:5

### a

**a.m.**  1:13 4:19
**adjournment**
4:7
**alexander**  2:6
3:3
**appear**  4:3
**appearance**  3:23
4:12
**attempt**  4:11
**attorneys**  2:4

### b

**behalf**  3:20 4:5
4:16
**boulevard**  2:10
**bronx**  2:10

### c

**c**  2:2
**called**  3:14,22
**certified**  1:3 2:5
3:6
**certify**  5:4
**client**  4:17
**company**  3:6
**compel**  4:11,13
**concluded**  4:20
**construction**  1:8
**contempt**  4:15
**contracting**  1:7
**contractors**  1:7
**corp**  1:7,7
**corporation**  1:3
2:5 3:7
**correct**  5:5
**county**  1:2
**course**  4:16
**court**  1:2
**creditor**  3:5

### d

**date**  1:12,16
**dated**  3:11
**defendant**  2:9
**defendants**  1:9
**deposition**  4:8
4:12
**document**  3:13
3:17 4:13

**documents**  3:15
**duces**  3:10

### e

**e**  2:2,2
**entitled**  1:15
**esq**  2:6
**extension**  4:7

### f

**failed**  4:2
**finding**  4:15
**forward**  4:9

### g

**good**  3:2
**group**  2:4 3:4

### h

**heard**  3:19 4:4
**held**  1:16

### i

**ignored**  4:14
**index**  1:5
**intervention**
4:10

### j

**judicial**  4:10

### k

**kings**  1:2

### l

**law**  2:4 3:3
**lawsuit**  3:5
**lumber**  1:3 2:5
3:6

### m

**markus**  2:6 3:2,3

**matter**  1:16 4:20
**morning**  3:2,8
3:24 4:2,6
**morning's**  4:8
**move**  4:9

### n

**n**  2:2
**nations**  2:5
**neck**  2:10
**new**  1:2,19 2:6,6
2:10 5:4
**notary**  1:18 5:2
**notes**  5:6
**notice**  3:9
**november**  1:12
3:24

### o

**october**  3:16
**office**  3:4,15,23
4:3,9
**order**  4:15

### p

**p**  2:2,2
**p.c.**  2:4
**plaintiff**  1:4 2:4
3:5
**plaza**  2:5
**present**  2:11
**pro**  2:9
**production**  3:14
3:18 4:13
**public**  1:18 5:3
**pursuant**  3:9

### r

**r**  2:2

FILED: KINGS COUNTY CLERK 11/21/2022 02:36 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 24    RECEIVED NYSCEF: 11/21/2022

[received - york]    Page 2

received  3:17
reporter  1:18
represents  3:4
requested  4:14
reserve  4:17
restraining  3:9
rights  4:18

**s**

s  2:2
se  2:9
seek  4:6
seeking  4:10
september  3:11
  3:13
served  3:12,21
shahbaz  1:7 2:9
  3:12
shaker  1:7,7,7
sher  1:7 2:9 3:12
  3:18 4:2
sher's  4:11
shorthand  1:18
signature  5:8
sophia  1:17 5:2
  5:8
state  1:2,19 5:3
statement  1:15
stenographic  5:6
subpoena  3:10
  3:20,22
suite  2:5
supreme  1:2

**t**

tamir  2:4 3:3
tecum  3:10
testify  3:10

throgs  2:10
time  1:13,16
toribio  1:17 5:2
  5:8
transcription
  5:5

**u**

united  2:5

**v**

various  3:14
videoconference
  1:17 2:7

**x**

x  1:3,9

**y**

york  1:2,19 2:6,6
  2:10 5:4

# EXHIBIT "D"

FILED: KINGS COUNTY CLERK 05/15/2023 01:30 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 39                                      RECEIVED NYSCEF: 05/15/2023

At an IAS Part 83 of the Supreme Court of
the State of New York held in and for the
County of Kings at 360 Adams Street,
Brooklyn, New York, on the 26th day
of April 2023.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

CERTIFIED LUMBER CORPORATION,                    Index No. 518810/2022
                    Plaintiff,

        -against-
                                                 **ORDER**

SHAHBAZ SHER, SHAKER CONTRACTORS, CORP.,
SHAKER CONTRACTING CORP. and SHAKER              Motion Seq. No.:2
CONSTRUCTION, INC.,
                    Defendants.
-----------------------------------------------------------------X

Plaintiff, Certified Lumber Corporation ("Plaintiff"), having duly moved this Court by

Order to Show Cause, dated January 19, 2023 and entered January 30, 2023, for an Order: (i)

pursuant to CPLR §§ 5223, 5224(a)(1) and (2) and 5251, and Judiciary Law §§ 753 and 773,

holding Defendant Shahbaz Sher in contempt of Court for failing to comply with the Restraining

Notice with Subpoena Duces Tecum and To Testify (the "Subpoena") issued by counsel for

Plaintiff and served on September 27, 2022, requiring Defendant, Shahbaz Sher, to produce

documents in connection with the enforcement of a Judgment entered against Defendants in the

instant action and to appear for a deposition at the offices of counsel for Plaintiff; (ii) pursuant to

Judiciary Law §§ 773 and 753, mandating that Defendant, Shahbaz Sher, be imprisoned and/or

fined according to law and ordered to pay the reasonable attorneys' fees, costs and disbursements

incurred by Plaintiff, Certified Lumber Corporation, in connection with this application; (iii)

pursuant to 22 NYCRR 130-1.1 and 130-1.2, awarding to Plaintiff costs and sanctions, in the

form of reimbursement for the reasonable attorneys' fees and costs incurred by Plaintiff in

1

FILED: KINGS COUNTY CLERK 05/15/2023 01:30 PM          9 32 of 37    INDEX NO. 518810/2022
NYSCEF DOC. NO. 39                                              RECEIVED NYSCEF: 05/15/2023

connection with this motion which were incurred as a direct result of Defendant's frivolous conduct; (iv) requiring Defendant, Shahbaz Sher, to produce documentation and appear for a deposition, in accordance with the Subpoena, on a date designated by the Court; and (v) awarding Plaintiff such other and further relief as this Court deems just and proper under the circumstances, including but not limited to an award of the reasonable attorneys' fees and costs incurred in connection with the application;

AND, upon the reading and filing of the Affirmation in Support of Order to Show Cause of Alexander Markus, duly affirmed on January 13, 2023, the exhibits annexed thereto and the accompanying Memorandum of Law in support of Plaintiff's motion, and upon all the pleadings and proceedings heretofore had herein, and Defendant, Shahbaz Sher, having filed no opposition thereto;

AND, the Court having heard argument on the motion on April 20, 2023, and Defendant, Shahbaz Sher, having failed to appear at oral argument, notwithstanding service of notice thereof, and due deliberation having been had thereon;

NOW, upon Motion of Tamir Law Group PC, attorneys for the Plaintiff, it is hereby

ORDERED, that the branch of Plaintiff's motion which seeks an Order, pursuant to CPLR §§ 5223, 5224(a)(1) and (2) and 5251, and Judiciary Law §§ 753 and 773, holding Defendant, Shahbaz Sher, in contempt of Court for failing to comply with the Subpoena served on September 27, 2022, requiring Defendant, Shahbaz Sher, to appear for a deposition and to produce documents in connection with the enforcement of a judgment entered against Defendant, Shahbaz Sher, in the instant action, is granted; and it is further

ORDERED, that Defendant, Shahbaz Sher, has committed the misconduct charged, and is guilty of contempt of Court, which contempt was calculated to and actually did defeat, impair,

2

FILED: KINGS COUNTY CLERK 05/15/2023 01:30 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 39                                          RECEIVED NYSCEF: 05/15/2023

impede and prejudice the rights and remedies of Plaintiff, the judgment creditor herein; and it is further

**ORDERED**, that Defendant, Shahbaz Sher, may purge himself of contempt by both: (i) producing the documents demanded in the Subpoena to the offices of Tamir Law Group PC, 866 United Nations Plaza, Suite 481, New York, New York 10017, within thirty (30) days of service of a copy of this Order with Notice of Entry by personal service upon Defendant, Shahbaz Sher; and (iii) appearing and attending a deposition at Tamir Law Group PC, 866 United Nations Plaza, Suite 481, New York, New York 10017, or by virtual appearance[1], before a notary public or other officer authorized by law to administer an oath on July 20, 2023, at 10:00 AM, and at any recessed or adjourned date; and it is further

**ORDERED**, that in the event Defendant, Shahbaz Sher, should fail to purge this contempt, Defendant may be fined the sum of $250.00, as well and reasonable attorneys' fees incurred by Plaintiff as a result thereof, in an amount to be determined by the Court; and it is further

**ORDERED**, that in the event Defendant, Shahbaz Sher, should fail to purge this contempt, the Court upon notice may issue a Warrant of Commitment for his arrest, pursuant to Judiciary Law §753, directed to a sheriff or other enforcement officer of any jurisdiction in which Defendant, Shahbaz Sher, may be found, commanding such officer to arrest Defendant, Shahbaz Sher, forthwith and bring him to the court for a hearing.

Hon. Ingrid Joseph J.S.C.

**Hon. Ingrid Joseph
Supreme Court Justice**

[1] Upon receipt of this Order with Notice of Entry, Defendant Shahbaz Sher shall contact Tamir Law Group PC to be advised as to the specifics of the deposition.

3

EXHIBIT "E"

FILED: KINGS COUNTY CLERK 05/16/2024 04:26 PM    INDEX NO. 518810/2022
NYSCEF DOC. NO. 46    RECEIVED NYSCEF: 05/16/2024

At an IAS Term, Part 83 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse, at
360 Adams Street, Brooklyn, New York, on
the ___14th___ day of ___MAY___, 2024.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------X

CERTIFIED LUMBER CORPORATION,                    Index No. 518810/2022

                    Plaintiff,

         -against-                                **WARRANT**

SHAHBAZ SHER, SHAKER CONTRACTORS CORP.,
SHAKER CONTRACTING CORP. and SHAKER
CONSTRUCTION, INC.,

                    Defendants.

-----------------------------------------------X

**TO THE SHERIFF OF KINGS COUNTY:**

**GREETINGS:**

    **YOU ARE HEREBY COMMANDED** to apprehend Shahbaz Sher of 245 Throgs Neck

Blvd., Bronx, NY 10465, and bring him to Kings County Supreme Court, located at 360 Adams

Street, Brooklyn, NY 11201 for a hearing due to his refusal to be examined and refusal to

produce specified items without reasonable cause pursuant to a Restraining Notice with

Subpoena Duces Tecum and To Testify duly served when ordered to do so by this Court

pursuant to Order, dated April 26, 2023.

                                                    _____

                                           HON. INGRID JOSEPH, J.S.C.
                                            **Hon. Ingrid Joseph**
                                     **Supreme Court Justice**

# EXHIBIT "F"

At an IAS Term, Part 83 of the Supreme Court of
the State of New York, held in and for the County
of Kings, at the Courthouse, at 360 Adams Street,
Brooklyn, New York, on the 17ᵗʰ day of
July, 2024.

P R E S E N T: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
CERTIFIED LUMBER CORPORATION,

                                          Plaintiff,

              -against-                                    Index No.: 518810/2022

                                                          **ORDER**

SHAHBAZ SHER, SHAKER CONTRACTORS, CORP.,
SHAKER CONTRACTING CORP. and SHAKER
CONSTRUCTION, INC.,

                    Defendants.
-------------------------------------------------------------------X

On July 17, 2024, Defendant Shahbaz Sher ("Mr. Sher") was brought to Court on return of a warrant
dated May 14, 2024 (the "Warrant") (NYSCEF Doc No. 46), issued after the Court found him in contempt for
failing to comply with the Restraining Notice with Subpoena Duces Tecum and to Testify dated September 20,
2022 (the "Subpoena") (*see* NYSCEF Doc No. 39).

Following oral argument, the Court purges the contempt due to Mr. Sher's representation that he would
contact an attorney and try to resolve this matter.

Accordingly, it is hereby

ORDERED, that the Warrant is vacated; and it is further

ORDERED, that Mr. Sher has until July 31, 2024, to contact an attorney; and it is further

ORDERED, that Mr. Sher and his attorney are directed to contact Plaintiff's counsel Alexander Markus
to discuss a possible payment plan or settlement by August 7, 2024; and it is further

ORDERED, that if the parties are unable to reach a settlement, Mr. Sher is directed to comply with the
Subpoena by August 14, 2024 or a date agreed upon by the parties but no later than August 28, 2024; and it is
further

ORDERED, that should Mr. Sher fail to comply with the Subpoena, Mr. Sher is directed to voluntarily
return to this Court on August 29, 2024, at 10AM in person. If Mr. Sher fails to appear, the Court may issue (1)
a warrant for his arrest and (2) an order imposing a fine and awarding Plaintiff attorney's fees.

This constitutes the decision and order of the Court.

HON. INGRID JOSEPH, J.S.C.

**Hon. Ingrid Joseph
Supreme Court Justice**